```
1              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF LOUISIANA
2                      LAFAYETTE DIVISION

3  UNITED STATES OF AMERICA,        )
                                    )
4          Plaintiff,               )
                                    )
5       vs.                         )  No. 6:15-cr-00202
                                    )
6  KHANG NGUYEN LE,                 )
                                    )
7          Defendant.               )
   _____ )
8

9

                    TRANSCRIPT OF PLEA PROCEEDINGS
10          BEFORE THE HONORABLE PATRICK J. HANNA

11           THURSDAY, MARCH 17, 2016; 11:06 A.M.
                     LAFAYETTE, LOUISIANA
12

13  APPEARANCES OF COUNSEL:

14  FOR THE UNITED STATES:

15       David C. Joseph
         U.S. ATTORNEY'S OFFICE (LAF)
16       800 Lafayette Street, Suite 2200
         Lafayette, Louisiana 70501
17
    FOR THE DEFENDANT:
18
         Wayne J. Blanchard
19       FEDERAL PUBLIC DEFENDERS OFFICE (LAF)
         102 Versailles Boulevard, Suite 816
20       Lafayette, Louisiana 70501

21

22          ******************************

23               GAYLE WEAR, RPR, CRR
            Federal Official Court Reporter
24          800 Lafayette Street, Suite 3102
              Lafayette, Louisiana 70501
25                  337.593.5222
```

```
 1   MARCH 17, 2016                               11:06 A.M.

 2                         ---o0o---

 3                   P R O C E E D I N G S

 4                         ---o0o---

 5        THE COURT:  Okay.  We are on the record.

 6   This is United States versus Khang Le, 15-cr-202, for a

 7   change of plea hearing.

 8        May I have appearances, please.

 9        MR. JOSEPH:  David Joseph, for the United

10   States, Your Honor.

11        MR. BLANCHARD:  Wayne Blanchard, for Mr. Le,

12   Your Honor.  And also with me at counsel table is

13   Mr. Quang Pham, who is an interpreter and who I have

14   hired to assist me in representing Mr. Le.

15        My suggestion to Mr. Le has been that if,

16   during this plea, he wants to speak to me, then he

17   should tell the court's interpreter on the phone, and

18   we'll step away and talk with Mr. Pham.

19        THE COURT:  All right.  Ms. Che, I'm going to

20   have the courtroom deputy swear you in now.

21        THE COURTROOM DEPUTY:  Raise your right hand.

22        Do you solemnly swear that you will justly,

23   truly, fairly, and impartially act as an interpreter in

24   the case now before the court, so help you God?

25        INTERPRETER CHE:  I do.
```

1                          MYHANH CHE,

2     Vietnamese interpreter, appearing telephonically,

3            was duly sworn by the Courtroom Deputy.

4            THE COURT:  All right.  Now we need to swear

5     in the defendant, please.

6            THE COURTROOM DEPUTY:  Do you solemnly swear

7     that the testimony you're about to give in this case is

8     the truth, the whole truth, and nothing but the truth,

9     so help you God?

10           THE DEFENDANT/INTERPRETER PHAM:  Yes.

11                      KHANG NGUYEN LE,

12     first having been duly sworn by the Courtroom Deputy

13      through the Vietnamese interpreter, testifies under

14                     oath as follows:

15           THE COURT:  Come to the podium.

16           MR. BLANCHARD:  Yes, Your Honor.

17           THE COURT:  All right.  Mr. Le, you

18     understand that now that you've been sworn, your

19     answers to my questions will be subject to the

20     penalties of perjury or making a false statement if you

21     do not answer truthfully?

22           INTERPRETER PHAM:  Yes, Your Honor.

23           THE COURT:  I'm waiting for Ms. Che to say

24     "yes."

25           Ms. Che?

```
1              INTERPRETER CHE:  Yes.

2              THE COURT:  Did you hear him?

3              INTERPRETER CHE:  Yes, I did.

4              THE COURT:  And his answer was...

5              INTERPRETER CHE:  "Yes."  I'm sorry.

6              THE COURT:  That's okay.

7              Pull that microphone closer so she can hear

8     him.

9              Mr. Le, do you understand I'm a United States

10    Magistrate Judge, not a United States District Judge,

11    and I am not empowered to accept a plea in a felony

12    case.  I am empowered to talk to you today and decide

13    whether to recommend to Judge Walter whether he should

14    accept your guilty plea.

15             Do you understand?

16             THE DEFENDANT/INTERPRETER CHE:  I understand.

17             THE COURT:  What I am going to do today is I

18    am going to preside over this hearing, and I will take

19    testimony and talk to you regarding the case and your

20    proposed plea.  We will prepare a transcript of this

21    hearing, and the court reporter will provide it to

22    Judge Walter, who will ultimately decide to accept or

23    reject the guilty plea after I make a recommendation to

24    him.

25             Do you understand?
```

```
1              THE DEFENDANT/INTERPRETER CHE:  I understand.

2              THE COURT:  Do you waive your right to appear

3    before a District Judge and, instead, agree and consent

4    to appear before me today for purposes of this hearing?

5              THE DEFENDANT/INTERPRETER CHE:  Yes.

6              THE COURT:  Mr. Joseph, do you have the

7    consent pleas?

8              MR. JOSEPH:  I do, Your Honor.  And I can

9    submit it now or with the rest of the --

10             THE COURT:  I want it now.

11             (Pause in the proceedings.)

12             THE COURTROOM DEPUTY:  This is not signed.

13             MR. BLANCHARD:  Okay.

14             Ms. Che, can you hear me?  This is Wayne

15   Blanchard, his attorney.

16             INTERPRETER CHE:  Yes, the interpreter can

17   hear you.

18             MR. BLANCHARD:  Okay.  Tell him that I am

19   presenting the consent for him to enter this guilty

20   plea before Magistrate Judge Hanna, instead of Judge

21   Walter.

22             THE DEFENDANT/INTERPRETER CHE:  Yes.

23             MR. BLANCHARD:  And that Judge Walter will

24   sentence him at a later date.

25             THE DEFENDANT/INTERPRETER CHE:  Yes.
```

1      MR. BLANCHARD:  And I would ask that you sign

2   right here, Mr. Le; 17th.

3            (Pause in the proceedings.)

4      MR. BLANCHARD:  Your Honor, I started the

5   date where your signature is.  So I'll just let you

6   sign over me, I guess.

7      THE COURT:  That's okay.

8            The record will reflect that the Consent to

9   Plea Before a United States Magistrate Judge in a

10  Felony Case and Waiver of Objection to Report and

11  Recommendation has been signed by the defendant and his

12  counsel, as well as me, the 17th day of March, 2016;

13  and that will be filed into the record.

14           Mr. Joseph, would you please sign that

15  document on behalf of the government?

16      MR. JOSEPH:  Yes, Your Honor.

17      THE COURT:  Thank you.

18           All right.  Mr. Blanchard, how does Mr. Le

19  intend to plead?

20      MR. BLANCHARD:  Guilty to Count 1 of the

21  indictment, Your Honor.

22      THE COURT:  All right.  Mr. Le, is that

23  correct that you wish to enter a plea of guilty in this

24  matter to Count 1 of the indictment?

25      THE DEFENDANT/INTERPRETER CHE:  Yes.

```
1              THE COURT:  Before accepting your plea, there
2     are a number of questions I will ask you in order to
3     assure myself you are entering a valid plea.  If you do
4     not understand any of the questions or at any time you
5     wish to stop and consult with your attorney, please say
6     so, as it is essential to a valid plea that you
7     understand each question before you answer.  Okay?
8              THE DEFENDANT/INTERPRETER CHE:  Yes.
9              THE COURT:  How old are you?
10             THE DEFENDANT/INTERPRETER CHE:  38 years old.
11             THE COURT:  What is your education?
12             THE DEFENDANT/INTERPRETER CHE:  University.
13             THE COURT:  Can you read and write your
14    native language?
15             THE DEFENDANT/INTERPRETER CHE:  Yes.
16             THE COURT:  Have you had any drugs, pills of
17    any kind, or any alcoholic beverages in the past
18    24 hours?
19             THE DEFENDANT/INTERPRETER CHE:  No, sir.
20             THE COURT:  Have you ever been treated for
21    any type of mental illness or addiction to alcohol or
22    drugs?
23             THE DEFENDANT/INTERPRETER CHE:  No, sir.
24             THE COURT:  Do you understand that you're
25    here today to plead guilty to the crime identified in
```

1    Count 1 of the indictment?

2             THE DEFENDANT/INTERPRETER CHE:  Yes, I do.

3             THE COURT:  All right.  Mr. Blanchard, do you

4    have any doubt as to your client's competence to plead?

5             MR. BLANCHARD:  I do not, Your Honor.

6             THE COURT:  Mr. Joseph, do you have any doubt

7    as to the defendant's competence to plead?

8             MR. JOSEPH:  No, Your Honor.

9             THE COURT:  Based on the responses of the

10   defendant, the representation of counsel, I find the

11   defendant is competent to enter a plea in this matter.

12            Mr. Le, have you had ample opportunity to

13   discuss your case with your lawyer?

14            THE DEFENDANT/INTERPRETER CHE:  Yes.

15            THE COURT:  Are you satisfied with both

16   Mr. Mayeux and Mr. Blanchard's representation of you?

17            THE DEFENDANT/INTERPRETER CHE:  Yes.

18            THE COURT:  Does the defendant waive reading

19   of the indictment at this point?

20            MR. BLANCHARD:  Yes, Your Honor.

21            THE COURT:  Thank you very much.

22            Mr. Le, these are your constitutional rights

23   that you will necessarily have to waive in order for us

24   to proceed.  Under the Constitution and laws of the

25   United States, you are entitled to a trial by a jury of

1    twelve people on the charges contained in the

2    indictment.  In order to convict you, all twelve of the

3    jurors would have to agree to your guilt.

4              Do you understand?

5              THE DEFENDANT/INTERPRETER CHE:  Yes, I

6    understand.

7              THE COURT:  You have the right to plead not

8    guilty and the right to persist in your plea of not

9    guilty.

10             Do you understand?

11             THE DEFENDANT/INTERPRETER CHE:  Yes, I

12   understand.

13             THE COURT:  At trial, you would be presumed

14   innocent, and the government would have to overcome

15   that presumption and prove you guilty by competent

16   evidence and beyond a reasonable doubt; you would not

17   have to prove that you are innocent.

18             Do you understand?

19             THE DEFENDANT/INTERPRETER CHE:  Yes, I

20   understand.

21             THE COURT:  In the course of trial, the

22   witnesses for the government would have to come to

23   court and testify in your presence, and your counsel

24   could cross-examine the witnesses for the government,

25   object to evidence offered by the government, and offer

1    evidence on your behalf.

2           Do you understand?

3           THE DEFENDANT/INTERPRETER CHE:  Yes, I

4    understand.

5           THE COURT:  At trial, while you would have a

6    right to testify if you chose to do so, you would also

7    have the right not to be compelled to incriminate

8    yourself and not testify.

9           Do you understand?

10          THE DEFENDANT/INTERPRETER CHE:  Yes, I

11    understand.

12          THE COURT:  At trial, you would have the

13    right to summon or call witnesses on your own behalf.

14          Do you understand that?

15          THE DEFENDANT/INTERPRETER CHE:  Yes, I

16    understand.

17          THE COURT:  If I recommend accepting your

18    guilty plea, do you understand you will waive your

19    right to a trial and the other rights I have just

20    discussed if the plea is accepted by Judge Walter?

21    There would be no further trial, there would simply be

22    entered a judgment of guilty and a sentence for you on

23    the basis of your guilty plea.

24          Do you understand?

25          THE DEFENDANT/INTERPRETER CHE:  Yes, I

1   understand.

2          THE COURT:  In pleading guilty, do you

3   understand you will also have to waive your right not

4   to incriminate yourself, since I have to ask you

5   questions about what you did in order to satisfy myself

6   that you are guilty as charged, and you will have to

7   admit or acknowledge your guilt?

8          THE DEFENDANT/INTERPRETER CHE:  Yes.

9          THE COURT:  I'm going to ask you about the

10  facts that are supporting your plea of guilty.  In

11  order for you to answer me, you will essentially be

12  incriminating yourself because you are pleading guilty.

13          Do you understand that?

14          THE DEFENDANT/INTERPRETER CHE:  I understand.

15          THE COURT:  Are you willing to waive your

16  right to remain silent and not incriminate yourself?

17          THE DEFENDANT/INTERPRETER CHE:  Yes.

18          THE COURT:  Are you willing to waive and give

19  up your right to a trial and the other rights I have

20  just discussed?

21          THE DEFENDANT/INTERPRETER CHE:  Yes.

22          THE COURT:  Have your lawyers advised you

23  that you have a risk of being deported if you plead

24  guilty to this offense?

25          THE DEFENDANT/INTERPRETER CHE:  He did.

1          THE COURT:  You have been charged in Count 1

2     of the indictment with wire fraud.  I am required to

3     explain this offense to you.  In order to be found

4     guilty of this crime, the government must prove each of

5     the following elements beyond a reasonable doubt:

6          First, that you knowingly devised or intended

7     to devise any scheme to defraud, as stated in the

8     indictment filed against you;

9          second, that the scheme to defraud employed

10    false material representations, false material

11    pretenses or false material promises;

12         third, that you transmitted, caused to be

13    transmitted by way of wire communications in interstate

14    commerce any writing for the purpose of executing such

15    scheme;

16         and, fourth, that you acted with a specific

17    intent to defraud.  "A specific intent to defraud"

18    means a conscious, knowing intent to deceive or cheat

19    someone.  A scheme or plan to defraud means any plan,

20    pattern, or course of action intended to deprive

21    another of money or property.  It can also involve any

22    scheme to deprive an employer of the intangible rights

23    to honest services through soliciting or accepting

24    bribes or kickbacks.

25         A representation is false if it is known to

1   be untrue or is made with reckless indifference as to

2   its truth or falsity.

3          A representation would also be false if it

4   constitutes a half truth or effectively or omits or

5   conceals -- excuse me, or effectively omits or conceals

6   a material fact, provided it is made with the intent to

7   defraud.

8          A representation is material if it has a

9   natural tendency to influence or is capable of

10  influencing the decision of the person or entity to

11  which it is addressed.  The alleged scheme need not

12  actually succeed in defrauding anybody.

13         To cause interstate wire communications

14  facilities to be used is to do an act with knowledge

15  that the use of the wire communications facilities will

16  follow in the ordinary course of business or where such

17  use can reasonably be foreseen.

18         Each separate use of the interstate wire

19  communications facilities in furtherance of a scheme to

20  defraud by means of false or fraudulent pretenses,

21  representations or promises, constitutes a separate

22  offense.

23         Do you understand the nature of the charge

24  against you?

25         THE DEFENDANT/INTERPRETER CHE:  I understand.

1          THE COURT:  If the case were to proceed to

2    trial, the government would also have the burden of

3    proving venue; that is, the government would have to

4    prove that the offense was begun, continued, or

5    completed in one of the parishes that make up the

6    Western District of Louisiana.

7          In the stipulated factual basis for guilty

8    plea, it states the following:  {Reading.}  Khang

9    Nguyen Le served as the president and presiding monk of

10   the Vietnamese Buddhist Association of Southwest,

11   Louisiana, Inc., from approximately 2010 through

12   October of 2014.

13          Is that statement true?

14          THE DEFENDANT/INTERPRETER CHE:  Yes, that's

15   correct.

16          THE COURT:  During this time, he lived on the

17   temple's premises in Lafayette, Louisiana.  In his role

18   as president and presiding monk of the temple, Le was

19   given access to certain bank accounts held by the

20   temple at Gulf Coast Bank, Iberia Bank, and JP Morgan

21   Chase Bank, collectively "the temple accounts," for the

22   purpose of making approved purchases on behalf of the

23   temple and buying food and related items for use at the

24   temple's meetings.

25          Are those statements true?

```
 1              THE DEFENDANT/INTERPRETER CHE:  Yes, that's
 2   correct.
 3              THE COURT:  It was at all times understood by
 4   both Le and the members of the temple's congregation
 5   that any major expenditure of temple funds was to be
 6   discussed in advance at congregational meetings of the
 7   temple.  At no time was Le authorized to use money
 8   contained in the temple accounts for gambling purposes.
 9              Are those statements true?
10              THE DEFENDANT/INTERPRETER CHE:  Yes, correct.
11              THE COURT:  Beginning no later than
12   January 13, 2013, and continuing until on or about
13   August 22, 2014, Le began using the temple's money to
14   fund gambling trips to the L'Auberge Casino in lake
15   Charles, Louisiana.  In order to do this, he would
16   withdraw money from the automatic -- excuse me --
17   automated teller machines, ATMs, located at or near the
18   lobby casino, or making debit card withdrawals from
19   casino stations.  The withdrawn money was then used by
20   Le for the purpose of gambling.
21              Are those statements true?
22              THE DEFENDANT/INTERPRETER CHE:  Yes, correct.
23              THE COURT:  In order to hide his gambling
24   activity and to disguise the amount of money he was
25   losing while gambling at the casino, Le would
```

1    misrepresent to the other members at the temple the

2    monetary balance in the temple accounts at

3    congregational meetings of the temple.  He would also

4    gamble in relatively unpopulated parts of the casino in

5    order to avoid encountering members of the temple or of

6    the larger Buddhist community.

7              Are those statements true?

8              THE DEFENDANT/INTERPRETER CHE:  Yes, correct.

9              THE COURT:  During the relevant time period,

10   Le wrongfully and with the intent to defraud withdrew

11   $263,463.36 in cash from the temple accounts and used

12   such money for his own purposes, primarily for the

13   purpose of gambling.

14             However, because some of this withdrawn money

15   may have been periodically redeposited by Le into the

16   temple accounts, the overall loss to the temple as a

17   result of Le's gambling activity is less.

18             Are those statements true?

19             THE DEFENDANT/INTERPRETER CHE:  Yes, correct.

20             THE COURT:  An interstate wire communication,

21   representative of Le's larger scheme and artifice to

22   defraud, occurred on April 15, 2013, when Le withdrew

23   $4,280 at the L'Auberge Casino in Lake Charles,

24   Louisiana, from the temple's Chase account, which

25   transaction caused one or more interstate wire

1    transmissions to and from computer services -- computer

2    servers located outside of the State of Louisiana.

3             Are those statements true?

4             THE DEFENDANT/INTERPRETER CHE:  Yes, correct.

5             THE COURT:  It is herein stipulated and

6    agreed that the defendant, Khang Nguyen Le,

7    intentionally devised a scheme to defraud the temple by

8    wrongfully using the temple's money for his own

9    purposes; that is, to gamble.

10            In executing his scheme to defraud, Le made

11   false material representations in that, among other

12   things, he misrepresented the monetary balances in the

13   temple accounts to the congregation during temple

14   meetings.

15            It is further stipulated and agreed that Le

16   caused interstate wire transmissions for the purpose of

17   executing his scheme when he withdrew cash at the

18   L'Auberge Casino in Lake Charles, Louisiana, at both

19   ATM machines and casino tellers.  It is also stipulated

20   and agreed that Le acted with specific intent to

21   defraud in taking money from the temple accounts.

22            Mr. Le, do you so stipulate and agree to the

23   statements I just read?

24            THE DEFENDANT/INTERPRETER CHE:  Yes.

25            THE COURT:  The maximum possible penalty

```
 1    under Count 1 of the indictment is prison term of not
 2    more than 20 years; a fine of not more than $250,000;
 3    or both; a term of supervised release of not more than
 4    three years following confinement; and a $100 special
 5    assessment fee due at the time of acceptance of the
 6    plea.
 7              Do you understand?
 8              THE DEFENDANT/INTERPRETER CHE:  Yes, I
 9    understand.
10              THE COURT:  The Court also has the order --
11    excuse me.  The Court also has the authority to order
12    restitution.
13              Do you understand?
14              Uh-oh.  Ms. Che?  Did you get the last
15    answer?
16              INTERPRETER PHAM:  Nothing, Your Honor.
17              THE COURT:  Ms. Che?
18              THE DEFENDANT/INTERPRETER PHAM:  Yes, I did,
19    Your Honor.
20              THE COURT:  Okay.  Hang on.  We'll see if we
21    can get her back.  But thank you, Mr. Pham.
22              INTERPRETER PHAM:  You're welcome, Your
23    Honor.
24     (Pause in the proceedings - technical difficulties.)
25              INTERPRETER CHE:  Hi, this is the
```

```
1    interpreter.  Can you hear me?
2              THE COURT:  Can you hear me?
3              INTERPRETER CHE:  Yes, I can, Your Honor.
4              THE COURT:  Okay.  So the last question was
5    whether he understood that the Court had authority to
6    order restitution.
7              THE DEFENDANT/INTERPRETER CHE:  Yes, I
8    understand.
9              THE COURT:  All right.  Mr. Le, do you also
10   understand in every criminal case in which a defendant
11   may be sentenced to more than one year, as in this
12   case, that in addition to any maximum possible penalty,
13   the court must order a term of supervised release; in
14   this case, for a length of not more than three years.
15             Do you understand?
16             THE DEFENDANT/INTERPRETER CHE:  Yes, I
17   understand.
18             THE COURT:  While on supervised release, you
19   would be required to abide by conditions specified by
20   the court, just as you have on pretrial release.
21             THE DEFENDANT:  Yeah.
22             THE COURT:  And supervised release might be
23   revoked if you violate any of those conditions.
24             Do you understand?
25             THE DEFENDANT/INTERPRETER CHE:  Yes, I
```

1    understand.

2           THE COURT:  If supervised release is revoked

3    for any reason, it is possible that you could be in

4    prison for the full term of supervised release without

5    credit for time spent on post-release supervision such

6    that the combined time spent in prison and a subsequent

7    revocation of supervised release may actually exceed

8    the statutory maximum.

9           Do you understand?

10          THE DEFENDANT/INTERPRETER CHE:  Yes, I

11   understand.

12          THE DEFENDANT/INTERPRETER PHAM:  It's very

13   hard to listen over the phone for right now.

14          THE COURT:  Okay.

15          THE DEFENDANT/INTERPRETER PHAM:  Please do

16   so, so the noise going to be clear.

17          THE COURT:  Hang on a second.

18          THE DEFENDANT/INTERPRETER PHAM:  And last

19   time, I had the same problem.

20          THE COURTROOM DEPUTY:  Mr. Le says there is a

21   lot of noise on the line.

22          THE COURT:  Maybe hold it away from the

23   microphone?

24          (Pause in the proceedings.)

25          THE COURT:  Is that better?

```
 1              THE DEFENDANT/INTERPRETER PHAM:  That's fine.

 2              THE DEFENDANT/INTERPRETER CHE:  Yes.  It's

 3    okay now.

 4              THE COURT:  Okay, good.  Do you understand

 5    the offense to which you are pleading guilty is a

 6    felony and, if your plea is accepted, you will be

 7    adjudged guilty of that offense and that adjudication

 8    may deprive you of rights such as a right to vote,

 9    serve on a jury, and possess a firearm?

10              THE DEFENDANT/INTERPRETER CHE:  I understand.

11              THE COURT:  Has anyone anywhere, any time,

12    directly or indirectly, threatened you or leaned on you

13    or forced you to plead guilty or told you that if you

14    do not plead guilty, further charges will be brought

15    against you or other adverse action will be taken

16    against you?

17              THE DEFENDANT/INTERPRETER CHE:  No, sir.

18              THE COURT:  All right.  There has been a plea

19    agreement entered into between you, your counsel, and

20    the United States attorney that is reduced to writing

21    and signed by you, your lawyer, and U.S. attorney.

22              Correct?

23              THE DEFENDANT/INTERPRETER CHE:  Yes, correct.

24              THE COURT:  All right.  Mr. Joseph, does the

25    plea agreement contain a motion under §3E1.1 for
```

1   acceptance of responsibility?

2        MR. JOSEPH:  It does, Your Honor.  And he

3   would receive one additional point if the guideline

4   range is 16 or above.

5        THE COURT:  All right.  Would you give the

6   Court a synopsis of the plea agreement, please?

7        MR. JOSEPH:  Yes, Your Honor.  The plea

8   agreement --

9        THE COURT:  Slowly.

10        MR. JOSEPH:  In the plea agreement, the

11   defendant is obligated to plead guilty to Count 1 of

12   the pending indictment.  If the defendant fulfills the

13   condition, the United States will dismiss the remaining

14   counts of the indictment.

15        And the United States will also move,

16   pursuant to Guideline §3E1.1(b) for the defendant to

17   receive one -- an additional one-point reduction in his

18   offense level should the offense level be a 16 or

19   greater, as the defendant has assisted the United

20   States in the prosecution of his own misconduct.

21        And the defendant also agrees, in addition to

22   any penalties or fines that this court may impose, to

23   make restitution to the Vietnamese Buddhist Association

24   in the amount of loss to the temple.

25        And Mr. Le also understands that if the plea

```
1    agreement falls through at a later date, the indictment
2    in its entirety will be reinstated.
3              That's the synopsis, Your Honor.
4              THE COURT:  Let me add one thing to that.
5              You understand, Mr. Le, that the sentencing
6    judge alone would decide what your sentence would be?
7              THE DEFENDANT/INTERPRETER PHAM:  I couldn't
8    hear very clear.
9              THE DEFENDANT/INTERPRETER CHE:  I couldn't
10   hear that statement very clearly.
11             MR. BLANCHARD:  Would you please tell him,
12   Mr. Pham, what Judge Hanna just said?
13             THE DEFENDANT/INTERPRETER PHAM:  A lot of
14   noise on that phone right now, Your Honor.
15             THE COURT:  Okay.
16             THE DEFENDANT/INTERPRETER CHE:  There is a
17   lot of noise right now.
18             THE COURT:  All right.  Ms. Che, were you
19   able to hear what the Assistant United States Attorney
20   was saying?
21             INTERPRETER CHE:  Yes.
22             THE COURT:  All right.  Were you able to
23   translate that for Mr. Le?
24             INTERPRETER CHE:  Yes, Your Honor.
25             THE COURT:  Mr. Le, could you hear what she
```

```
 1    translated?
 2            THE DEFENDANT/INTERPRETER PHAM:  Yes, I do.
 3            THE COURT:  Okay.  All right.  Well, let me
 4    try this.
 5            Mr. Blanchard, do you agree with the
 6    government's synopsis of the plea agreement?
 7            MR. BLANCHARD:  Yes, Your Honor, I do.
 8            THE COURT:  Mr. Le, do you agree the
 9    substance of the plea agreement was correct?
10            THE DEFENDANT/INTERPRETER CHE:  Yes.
11            THE COURT:  All right.  Mr. Joseph, before
12    the plea agreement was executed, did you communicate to
13    defense counsel every plea offer the government was
14    prepared to make up until the time the agreement was
15    executed?
16            MR. JOSEPH:  I did, Your Honor.
17            THE COURT:  Mr. Mayeux -- well, Mr. Mayeux is
18    not here.
19            Mr. Blanchard, before this plea agreement was
20    executed, is it your understanding that every plea
21    offer the government communicated to counsel was
22    communicated to the defendant?
23            MR. BLANCHARD:  It was, Your Honor.  And I
24    worked very closely with Mr. Mayeux on this, and I know
25    that they were --
```

```
 1            THE COURT:  All right.

 2            MR. BLANCHARD:  -- from talking to

 3   Mr. Mayeux.  Mr. Mayeux was at every meeting I had with

 4   Mr. Le, except for the meeting this morning before

 5   court.

 6            THE COURT:  All right.  Mr. Le, has anyone

 7   anywhere, any time, directly or indirectly, made any

 8   promise other than the plea agreement that induced you

 9   to plead guilty?

10            THE DEFENDANT/INTERPRETER CHE:  No, sir.

11            THE COURT:  All right.  Do you understand any

12   recommendation of sentence agreed to by your lawyer and

13   the United States attorney is not binding on the

14   sentencing court -- that would be Judge Walter -- and

15   you might, on the basis of your guilty plea, receive a

16   more severe sentence than requested or recommended?

17            Do you understand?

18            THE DEFENDANT/INTERPRETER CHE:  Yes.

19            THE COURT:  If the court does not accept the

20   United States attorney's recommendation of sentence, do

21   you understand you will not have the right to withdraw

22   your guilty plea, you will still be bound by it?

23            THE DEFENDANT/INTERPRETER CHE:  Yes.

24            THE COURT:  Has anyone anywhere, any time,

25   directly or indirectly, made any prediction, prophecy
```

1    or promise to you as to what your sentence will be?

2             THE DEFENDANT/INTERPRETER CHE:  No, sir.

3             THE COURT:  You understand the United States

4    Sentencing Commission has issued guidelines for judges

5    to consider in determining a sentence; and while the

6    court must consider them, the United States Supreme

7    Court has ruled the sentencing guidelines are not

8    mandatory and the court is not bound by them.

9             Do you understand?

10            THE DEFENDANT/INTERPRETER CHE:  Yes.

11            THE COURT:  Have you and your lawyers talked

12   about how the guidelines might apply to your case?

13            THE DEFENDANT/INTERPRETER CHE:  Yes, we have.

14            THE COURT:  All right.  You understand if the

15   government is agreeing not to prosecute other counts or

16   charges in the indictment, that conduct might still be

17   considered in the presentence report and affect the

18   sentence to be imposed by the court.

19            Do you understand?

20            THE DEFENDANT/INTERPRETER CHE:  Yes, I

21   understand.

22            THE COURT:  Do you understand if your

23   sentence is more severe than you expect, you will still

24   be bound by your guilty plea and have no right to

25   withdraw it?

1    THE DEFENDANT/INTERPRETER CHE:  Yes, I

2    understand.

3    THE COURT:  Mr. Joseph, is the government

4    aware of any facts besides those contained in the

5    indictment and the stipulated factual basis that might

6    affect relevant conduct?

7    MR. JOSEPH:  Your Honor, I think the

8    stipulated factual basis leaves open the question of

9    the actual loss to the temple.  And so as far as that

10   goes, I think that there may be additional factors that

11   will affect relevant conduct as far as that goes.  But

12   absent that, no, Your Honor, the government does not.

13   THE COURT:  Do you understand, Mr. Le, what

14   relevant conduct is?

15   THE DEFENDANT/INTERPRETER CHE:  Yes, I

16   understand.

17   THE COURT:  Okay.  What Mr. Joseph is talking

18   about is the ultimate calculation of loss, whatever

19   that turns out to be, may affect relevant conduct.

20   Do you understand?

21   THE DEFENDANT/INTERPRETER CHE:  Yes, I

22   understand.

23   THE COURT:  All right.  Do you understand

24   under some circumstances, you or the government may

25   have the right to appeal any sentence?

1              THE DEFENDANT/INTERPRETER CHE:  Yes.

2              THE COURT:  You understand you would have the

3    right to appeal without payment of costs?

4              THE DEFENDANT/INTERPRETER CHE:  I didn't hear

5    that very clearly.

6              THE COURT:  Do you understand you have the

7    right to appeal without payment of costs?

8              THE DEFENDANT/INTERPRETER CHE:  Yes, I

9    understand.

10             THE COURT:  You understand parole has been

11   abolished and, if you're sentenced to prison, you will

12   not be released on parole?

13             THE DEFENDANT/INTERPRETER CHE:  I understand.

14             THE COURT:  Do you have any questions you

15   wish to ask of counsel or the Court at this point?

16             THE DEFENDANT/INTERPRETER CHE:  No, sir.

17             THE COURT:  Mr. Joseph, would you please make

18   your filings?

19             MR. JOSEPH:  Yes, Your Honor.  At this time,

20   the government would submit into the record --

21             THE COURT:  Slow, slow, slow.

22             MR. JOSEPH:  -- the plea packet, which

23   consists of the copy of the indictment, the affidavit

24   of understanding of maximum penalty and constitutional

25   rights, the elements of the offense, the plea

```
 1    agreement, and the stipulated factual basis.
 2              THE COURT:  Any objection, Mr. Blanchard?
 3              MR. BLANCHARD:  No, Your Honor.
 4              THE COURT:  Without objection, let it be
 5    admitted.
 6              For purposes of the record, I will write in
 7    the year on the affidavit of understanding of maximum
 8    penalty and constitutional rights.  It is dated
 9    March 9, and I assume that will be March 9, 2016.
10              MR. BLANCHARD:  It was, Your Honor.  It was
11    last Wednesday, in my office.
12              THE COURT:  Thank you.
13              MR. BLANCHARD:  With Mr. Pham present.
14              THE COURT:  All right.  The elements of the
15    offense is also not dated.  Was that signed on the same
16    day?
17              MR. BLANCHARD:  They were all signed last
18    Wednesday, March the 9th, Your Honor.
19              THE COURT:  All right.  I will so indicate on
20    the document.
21              And the same with the stipulated factual
22    basis?
23              MR. BLANCHARD:  Yes, Your Honor.
24              THE COURT:  All right.  Mr. Blanchard, you
25    have gone through all of these documents, specifically
```

1    the affidavit of understanding of maximum penalty and

2    constitutional rights, the elements of the offense, the

3    plea agreement, and the stipulated factual basis with

4    your client in his native language?

5              MR. BLANCHARD:  Yes, Your Honor.

6              THE COURT:  And is it your representation to

7    the Court that he understands each of these documents?

8              MR. BLANCHARD:  I believe that he

9    understands, Your Honor.

10             THE COURT:  All right.  Mr. Le, you have gone

11   through the documents entitled "Affidavit of

12   Understanding of Maximum Penalty and Constitutional

13   Rights," "Elements of the Offense," the "Plea

14   Agreement," and the "Stipulated Factual Basis" with

15   your lawyers in your native language?

16             THE DEFENDANT/INTERPRETER CHE:  Yes.

17             THE COURT:  And you understand all of those

18   documents?

19             THE DEFENDANT/INTERPRETER CHE:  Yes, I

20   understood.

21             THE COURT:  And you signed them in the

22   presence of your lawyer?

23             THE DEFENDANT/INTERPRETER CHE:  Yes.

24             THE COURT:  And you did so voluntarily?

25             THE DEFENDANT/INTERPRETER CHE:  Yes.

1          THE COURT:  All right.  How do you plead,

2    then, to Count 1 of the indictment?  Guilty or not

3    guilty?

4          THE DEFENDANT/INTERPRETER CHE:  Guilty.

5          THE COURT:  Since you've acknowledged you are

6    in fact guilty as charged in Count 1 of the indictment,

7    since you know your right to a trial, what the maximum

8    possible penalty is, and since you are voluntarily

9    pleading guilty, I will recommend to Judge Walter that

10   he accept your guilty plea and enter a judgment of

11   guilty on your plea.

12          It is my finding and recommendation to Judge

13   Walter that in the case of United States of America

14   versus Khang Nguyen Le, criminal number 6:15-cr-202-01,

15   that the defendant is fully competent and capable of

16   entering an informed plea; and that this plea of guilty

17   is a knowing and voluntary plea supported by an

18   independent basis in fact concerning each of the

19   essential elements of the offenses referenced; and that

20   Judge Walter, therefore, except the plea and adjudge

21   the defendant guilty of that offense.

22          I will order a presentence investigation

23   report; and the 70-day local rule is waived.

24          Mr. Le, I urge you to cooperate with the

25   probation officer in furnishing information for that

1    report, since it will be important in the decision as

2    to what your sentence will be.  You have a right to

3    have your attorney present when you give information to

4    the probation officer, if you wish.

5            You will also have an opportunity to read the

6    presentence report before sentencing.  You will also be

7    allowed to speak or have your attorney speak for you at

8    the sentencing hearing.

9            Sentencing is set for June 27th, 2016, at

10   11:30 a.m. before Judge Walter in Shreveport.

11   Presentence memoranda are due 14 days before that.  Any

12   response by the government is due no later than seven

13   days thereafter.

14           If you intend to submit evidence or

15   testimony, Mr. Blanchard, please let Judge Walter's

16   office know.

17           MR. BLANCHARD:  Yes, Your Honor.

18           THE COURT:  It is my order that the Court

19   Reporter transcribe this hearing and file a copy of

20   that transcript into the record of this case, and

21   furnish a copy of the transcript to Judge Walter and to

22   me.

23           It is my further order that the Clerk notify

24   both parties of the filing of the transcript, at which

25   time I will file my written report and recommendation

1    to Judge Walter.

2           It is my order that the defendant may remain

3    out on bond under the conditions previously entered by

4    the court.

5           Mr. Le, you understand that now that you have

6    pled guilty, if you violate any of the conditions of

7    release, it could adversely impact your sentence.

8           THE DEFENDANT/INTERPRETER CHE:  Yes.

9           THE COURT:  Okay.  Anything else that needs

10   to come before the court from the government?

11          MR. JOSEPH:  No, Your Honor.

12          THE COURT:  Anything else from the defense?

13          MR. BLANCHARD:  No, Your Honor.

14          THE COURT:  Mr. Le, good luck to you.

15          We're in recess.

16          (Adjourned at 11:58 a.m.)

17                    *    *    *    *    *

18

19

20

21

22

23

24

25

```
 1              CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4         I, Gayle Wear, Federal Official Court

 5    Reporter, in and for the United States District Court

 6    for the Western District of Louisiana, do hereby

 7    certify that pursuant to Section 753, Title 28 United

 8    States Code that the foregoing is a true and correct

 9    transcript of the stenographically reported proceedings

10    held in the above-entitled matter and that the

11    transcript page format is in conformance with the

12    regulations of the Judicial Conference of the United

13    States.

14

15                   Dated 24th day of March, 2016.

16

17

18                   /s/ Gayle Wear
                     GAYLE WEAR, RPR, CRR
19                   FEDERAL OFFICIAL COURT REPORTER

20

21

22

23

24

25
```